IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES ALBERT GEORGE, IV,

Plaintiff,

v.   :   CIVIL ACTION NO.: CV514-033

LT. CHARLES NEWHAM;
CORRECTIONS CORPORATION
OF AMERICA; and WARDEN,

Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Coffee Correctional Facility in Nicholls, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he and several other inmates were waiting for their breakfast trays when Defendant Newham and other officers came to perform a pat down search. Plaintiff contends that he complied with Defendant Newham's instruction to place his hands on the wall, yet Defendant Newham kicked his legs. Plaintiff also contends that Defendant Newham slammed his head, which knocked him unconscious, cut his eye, separated his shoulder, and gave him a concussion. Plaintiff asserts that he regained consciousness in the medical unit, and the nurse gave him stitches. Plaintiff alleges that he was placed in isolation, but he was taken back to medical, where they did nothing for him, after he passed out again. Plaintiff states that "they" did not give him proper medical treatment. (Doc. No. 1, p. 6). Plaintiff also states that "the officers" did not give him back his mat or other property for five (5) days. (Id.). Plaintiff names Corrections Corporation of America and "Warden" as Defendants.

AO 72A
(Rev. 8/82)

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff makes no factual allegations against Corrections Corporation of America or the Warden, and his claims against these entities should be **dismissed**.

In addition, it appears that Plaintiff wishes to hold Corrections Corporation of America and Warden liable based on their supervisory positions. Corrections Corporation of America is a private entity which contracts with the Georgia Department of Corrections to provide services "traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the municipality under section 1983." Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (internal punctuation and citation omitted). In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted

in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011). Plaintiff has failed to make this basic showing, and his claims against Corrections Corporation of America and Warden should be **dismissed** for this reason, as well.

The Eighth Amendment's proscription against cruel and unusual punishment imposes on the government an affirmative obligation to provide minimally adequate medical care to inmates whom they are punishing by incarceration. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). Society's "contemporary standards of decency" do not condone the unnecessary and wanton denial of medical care to inmates, who cannot care for themselves while incarcerated. Estelle, 429 U.S. at 105. Otherwise, the "denial of medical care [to inmates] may result in pain and suffering which no one suggests would serve any penological purpose." Id. at 103. Therefore, under the Eighth Amendment, the government cannot deliberately ignore or withhold minimally adequate medical care to those inmates suffering from serious medical needs. Id. at 103–04.

However, the Supreme Court cautioned in Estelle that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." 429 U.S. at 105. A difference in opinion between the prison's medical staff and the prisoner as to diagnosis or course of treatment amount to a claim under the Constitution. Harris, 941 F.2d at 1505 (citation omitted). Only when

4

deliberate indifference to an inmate's serious medical needs is demonstrated to be "repugnant to the conscience of mankind" or offensive to "evolving standards of decency" will it give rise to a valid claim of mistreatment under the Eighth Amendment. Id.

A heavy burden is placed on prisoners alleging a violation based on deliberate indifference to a serious medical need. To succeed on a claim of inadequate medical treatment, an inmate must set forth evidence of an objectively serious deprivation of medical care demonstrating: (1) an objectively serious medical need, and (2) deliberate indifference to that need. Bingham v. Thomas, 654 F3d 1171, 1175-76 (11th Cir. 2011). Plaintiff's deliberate indifference claims should be **dismissed** because it appears that he disagrees with the course of treatment he received after the alleged use of force incident. In addition, Plaintiff fails to name any person responsible for the lack of proper medical treatment.

A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff has failed to show a logical relationship between the allegations concerning Defendant Newham's alleged excessive use of force and his separate allegations concerning the temporary deprivation of his property. The Court will not allow the joinder of these unrelated claims, and Plaintiff's property claims should be **dismissed**.

However, it is a well-settled principle that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment" in violation of the Eighth

Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977) (internal quotes omitted)).

These allegations, when read in a light most favorable to the Plaintiff, arguably state a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendant Newham for an alleged violation of the Eighth Amendment. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendant Newham by the United States Marshal without prepayment of cost. If Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

**INSTRUCTIONS TO DEFENDANT**

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a).

AO 72A
(Rev. 8/82)

Defendant shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or his counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

AO 72A
(Rev. 8/82)

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq*. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendant. Interrogatories shall not be filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

8

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendant's motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to

9

such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendant's statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of June, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)