IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES ALBERT GEORGE, IV,

    Plaintiff,

v.

LT. CHARLES NEWHAM,

    Defendant.

CIVIL ACTION NO.: 5:14-cv-33

## **O R D E R**

This matter comes before the Court on Defendant's Renewed Motion to Dismiss (doc. 25) and Plaintiff's failure to comply with the Court's Order of July 20, 2015 (doc. 24) and his failure to inform the Court, in writing or otherwise, of any new or different address. For the following reasons, Defendants' Motion is **GRANTED** and Plaintiff's claims are **DISMISSED without prejudice** for failure to prosecute. Additionally, Plaintiff is **DENIED** leave to appeal in forma pauperis.

## BACKGROUND

On November 3, 2014, Plaintiff, proceeding pro se, filed a Complaint contesting certain conditions of his confinement while housed at Coffee Correctional Facility in Nicholls, Georgia. (Doc. 1.) With his Complaint, Plaintiff filed a Motion to Proceed In Forma Pauperis. (Doc. 2.) The Court granted that Motion on April 22, 2015. (Doc. 3.) In that Order, the Court directed Plaintiff to, among other things, inform the Court upon any change in his address and that his failure to do so could result in the dismissal of this action. (Id. at 3.)

On February 26, 2015, the undersigned issued an Order and Report and Recommendation following a frivolity review of Plaintiff's Complaint. (Doc. 8.) The Court directed a copy of Plaintiff's Complaint be served upon Defendant Newham. Id. The Report recommended that claims against all other Defendants should be dismissed. Id. Plaintiff did not file any objections, and the Court adopted the Report and Recommendation and dismissed all claims except against those against Defendant Newham. (Doc. 18.) In the Report and Recommendation, the Court provided instructions to Plaintiff regarding the prosecution of this action. (Doc. 8, pp. 7-10.) The Court again emphasized to Plaintiff that he must update the Court regarding any change in his address and that the Court would dismiss his case if he failed to do so. The Court further instructed Plaintiff that if he "does not press his case forward, the Court may dismiss it for want of prosecution." (Id. at 9.) The Court specifically informed Plaintiff of his obligation to respond to a motion to dismiss within 14 days of service of such a motion. (Id. at 9.) The Court explained that should Plaintiff fail to respond to such a motion, the Court will assume that he does not oppose the Motion. Id.

Defendant filed a Motion to Dismiss on July 9, 2015. (Doc. 21.) In that Motion, Defendant submitted that service copies mailed to Plaintiff were returned undeliverable and argued that Plaintiff has not indicated an interest in pursuing his case. On July 20, 2015, the Court issued an Order instructing Plaintiff to respond to Defendants' Motion to Dismiss within twenty-one days and also directing him to immediately inform this Court and defense counsel of his current mailing address. (Doc. 24.) The Court alerted Plaintiff that should he fail to respond to the Motion to Dismiss, the Court would presume that he does not oppose the Motion. (Doc. 24, p. 2.) In addition, the Court provided Plaintiff with a copy of Federal Rules of Civil

Procedure 41 and 12 to ensure that he had full notice of the requirements of the Rules regarding motions to dismiss. Id.

Plaintiff has entirely failed to respond to Defendants' Motion to Dismiss. Indeed, Plaintiff has not made any filings in this case since his October 30, 2014 signed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge.[1] (Doc. 14.) Furthermore, the Court has been unable to mail pleadings to Plaintiff, and he has never updated the Court of any change of address.[2] On October 26, 2015, Defendant filed a renewed Motion to Dismiss based on Plaintiff's failure to comply with this Court's Order and to pursue his case. (Doc. 25.)

### DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders and his failure to respond to Defendant's Motion to Dismiss. For the reasons set forth below, Plaintiff's claims are dismissed and he is denied leave to appeal in forma pauperis.

### I. Dismissal for Failure to Prosecute and Follow this Court's Orders

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash Railroad Company, 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular,

---

[1] Plaintiff and Defendant both executed the Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. See Docs. 14, 19. Thus, upon consent of the parties and by Order dated July 1, 2015, this case was referred to the undersigned for all further proceedings. (Doc. 20.)

[2] The Court's July 1, 2015 Order was mailed to Plaintiff but was returned as undeliverable on July 13, 2015. (Doc. 23.)

[3] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff that his failure to inform the Court upon any change in his address could result in dismissal of this action. (Doc. 3, p. 3.)

3

Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal

without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite having been advised of his obligation to inform the Court upon any change in his address, Plaintiff has failed to do so. See Local Rule 11.1 ("each attorney and pro se litigant has a continuing obligation to apprise the Court of any address change"). Moreover, Plaintiff has not filed any opposition to Defendants' Motion to Dismiss despite being apprised of the consequences for failing to respond.[4] Additionally, with Plaintiff not having taken any action on this case for approximately twelve months, he has failed to diligently prosecute his claims. Consequently, no sanction other than dismissal is appropriate.

Thus, Plaintiff's Section 1983 Complaint (doc. 1) is **DISMISSED without prejudice** for failure to prosecute and failure to comply with this Court's Orders.

---

[4] It is possible that Plaintiff never received the Defendant's Motion or the Court's Order instructing Plaintiff to respond to the same. However, the fault for such a situation lies with Plaintiff for failing to update his address of record.

**II.     Leave to Appeal In Forma Pauperis**

The Court also denies Plaintiff leave to appeal in forma pauperis. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directives, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal is **DENIED**.

**CONCLUSION**

THEREFORE, IT IS HEREBY ORDERED that for the above-stated reasons, Defendant's Motion to Dismiss (doc. 25) is **GRANTED**, and this action is **DISMISSED**, without prejudice. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. All other Motions are **DENIED AS MOOT.**

IT IS FURTHER ORDERED that Plaintiff is **DENIED** leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 28th day of October, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA